UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| J.D.,<br><br>       Plaintiff,<br><br>-against-<br><br>KEVIN SPACEY,<br><br>       Defendant. | Case No. 24-cv-08630 (JHR) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
<u>MOTION TO DISMISS THE VERIFIED COMPLAINT</u>**

                     SHER TREMONTE LLP
                     90 Broad St., 23rd Floor
                     New York, New York 10004
                     (212) 202-2600

                     *Attorneys for Defendant Kevin Spacey*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................... 1

FACTS ALLEGED IN THE COMPLAINT ........................................................................ 2

STANDARD OF REVIEW .................................................................................................... 3

ARGUMENT ........................................................................................................................... 4

I.    PLAINTIFF'S CLAIMS ARE TIME-BARRED................................................... 4

II.    PLAINTIFF FAILS TO STATE A CLAIM FOR ASSAULT ............................ 9

III.    PLAINTIFF FAILS TO STATE A CLAIM FOR NEGLIGENCE..................... 9

IV.    PLAINTIFF FAILS TO STATE A CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS .................................................... 10

V.    PLAINTIFF FAILS TO STATE A CLAIM FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS .................................................... 12

CONCLUSION .................................................................................................................... 14

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*AJ Energy LLC v. Woori Bank*,
   No. 18-cv-3735 (JMF), 2019 WL 4688629 (S.D.N.Y. Sept. 26, 2019) ...................................... 4

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .................................................................................................................. 4

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) .................................................................................................................. 4

*Bermudez v. City of New York*,
   No. 11 CIV. 750 (LAP), 2014 WL 11274759 (S.D.N.Y. Mar. 25, 2014) ............................... 13

*Chiesa v. McGregor*,
   209 A.D.3d 963 (2d Dep't 2022) ............................................................................................ 13

*Clarke v. UFI, Inc.*,
   98 F. Supp. 2d 320 (E.D.N.Y. 2000) ...................................................................................... 12

*D.K. by L.K. v. Teams*,
   260 F. Supp. 3d 334 (S.D.N.Y. 2017) ..................................................................................... 10

*Davis v. Brown*,
   No. 12-CV-1906 SJF AYS, 2015 WL 1475711 (E.D.N.Y. Mar. 31, 2015) ............................ 10

*Djangmah v. Falcione*,
   2013 WL 208914 (S.D.N.Y. Jan. 18, 2013) ........................................................................... 13

*Drankwater v. Miller*,
   830 F. Supp. 188 (S.D.N.Y. 1993) .......................................................................................... 14

*Edwards v. Annucci*,
   No. 17 CV 5018 (VB), 2019 WL 1284295 (S.D.N.Y. Mar. 20, 2019) ................................... 13

*Forest Park Pictures v. Universal Television Network, Inc.*,
   683 F.3d 424 (2d Cir. 2012) ..................................................................................................... 4

*Geiss v. Weinstein Co. Holdings LLC*,
   383 F. Supp. 3d 156 (S.D.N.Y. 2019) ....................................................................................... 5

*Ghartey v. St. John's Queens Hosp.*,
   869 F.2d 160 (2d Cir. 1989) ..................................................................................................... 4

*Giunta v. Dingman*,
    893 F.3d 73 (2d Cir. 2018).................................................................................................. 3

*Goolden v. Wardak*,
    No. 19-CV-6257 (JPO), 2020 WL 4271695 (S.D.N.Y. July 23, 2020).................................... 11

*HC2, Inc. v. Delaney*,
    510 F. Supp. 3d 86 (S.D.N.Y. 2020)..................................................................................... 11

*Hettinger v. Kleinman*,
    733 F. Supp. 2d 421 (S.D.N.Y. 2010)................................................................................... 10

*Johnson v. NYU Langone Health*,
    No. 22 CIV. 09456 (JHR), 2023 WL 6393466 (S.D.N.Y. Sept. 30, 2023) .................. 5, 8, 9, 11

*Kelly v. Chase Manhattan Bank*,
    717 F. Supp. 227 (S.D.N.Y. 1989) ....................................................................................... 14

*Kojak v. Jenkins*,
    No. 98 CIV. 4412 (RPP), 1999 WL 244098 (S.D.N.Y. Apr. 26, 1999).................................. 14

*Levin v. Sarah Lawrence Coll.*,
    No. 23-CV-10236 (LJL), 2024 WL 4026966 (S.D.N.Y. Sept. 3, 2024) ................................ 5, 9

*Lucas v. S. Nassau Communities Hosp.*,
    54 F. Supp. 2d 141 (E.D.N.Y. 1998) ..................................................................................... 12

*Mariani v. Consol. Edison Co. of New York*,
    982 F. Supp. 267 (S.D.N.Y. 1997) ........................................................................................ 4

*Mazzaferro v. Albany Motel Enters., Inc.*,
    127 A.D.2d 374 (3rd Dep't 1987)......................................................................................... 10

*Miller v. Cnty. of Erie*,
    No. 17-CV-00928W(F), 2019 WL 1244196 (W.D.N.Y. Feb. 27, 2019) ................................ 11

*Nieblas-Love v. New York City Hous. Auth.*,
    165 F. Supp. 3d 51 (S.D.N.Y. 2016).............................................................................. 12, 13

*People v. Kassebaum*,
    187 A.D.3d 786 (2d Dep't 2020)............................................................................................ 8

*People v. Sene*,
    66 A.D.3d 427 (1st Dep't 2009) ............................................................................................. 7

*People v. Shepherd*,
   179 Misc. 2d 171 (N.Y. Sup. Ct. 1998) ........................................................................... 7

*People v. Victor P.*,
   120 Misc. 2d 770 (N.Y. Crim. Ct. 1983) ......................................................................... 7

*Ponticelli v. Zurich Am. Ins. Grp.*,
   16 F. Supp. 2d 414 (S.D.N.Y. 1998) ............................................................................. 12

*Rapp v. Fowler,*
   No. 20-CV-9586 (LAK), 2022 WL 1997176 (S.D.N.Y. June 6, 2022) ................................. 1, 9

*Richardson v. City of New York*,
   2015 WL 7752143 (S.D.N.Y. Nov. 18, 2015) ................................................................ 13

*Rosas v. Petkovich*,
   218 A.D.3d 814 (2d Dep't 2023) .................................................................................. 10

*Stuto v. Fleishman*,
   164 F.3d 820 (2d Cir. 1999) .................................................................................. 11, 12

*Tardif v. City of New York*,
   991 F.3d 394 (2d Cir. 2021) ........................................................................................... 9

*United Nat. Ins. Co. v. Tunnel, Inc.,*
   988 F.2d 351 (2d Cir. 1993) ......................................................................................... 10

*Watkins v. Harlem Ctr. for Nursing & Rehab., LLC,*
   No. 20 CIV. 2919 (KPF), 2021 WL 4443968 (S.D.N.Y. Sept. 28, 2021) .............................. 13

*Wolkstein v. Morgenstern*,
   275 A.D.2d 635 (1st Dep't 2000) ................................................................................. 13

**Statutes**

N.Y. Penal Law §130.00(3) ................................................................................................ 8
N.Y. Penal Law § 130 ........................................................................................................ 6
N.Y. Penal Law § 130.00 ................................................................................................... 9
N.Y. Penal Law § 130.52(1) ............................................................................................... 8
N.Y. Penal Law § 130.55 ................................................................................................... 6
N.Y. Penal Law §§ 130.20 ................................................................................................. 6

**Rules**

Fed. R. Civ. P. 12(b)(6) ................................................................................................. 3, 4
N.Y. CPLR § 214 ............................................................................................................... 5
N.Y. CPLR § 214-j ............................................................................................................ 5

N.Y. CPLR § 215(3) ............................................................................................................... 4

This memorandum of law is respectfully submitted on behalf of Defendant Kevin Spacey ("Mr. Spacey") in support of his motion under Fed. R. Civ. P. 12(b)(6) for an order dismissing the Verified Complaint (ECF No. 1-1) (the "Complaint") of anonymous Plaintiff J.D. ("Plaintiff") with prejudice.

## PRELIMINARY STATEMENT

Mr. Spacey denies the entirely false and salacious claims against him in the Complaint and is confident that he would be fully vindicated if this case were to proceed to trial—just as he has been in the two heavily publicized jury trials against him involving false claims of sexual misconduct.[1]  However, because the Complaint fails to state a claim upon which relief can be granted, it should be dismissed in its entirety at the pleading stage.

First and foremost, every claim in the Complaint is time-barred.  The last alleged act of misconduct occurred in 2017, seven years before the Complaint was filed.  By that time, each relevant statute of limitation had expired.  Accordingly, Plaintiff's claims could only be timely if they were rescued by the revival provision in New York's Adult Survivors Act ("ASA"), and they were not.  The ASA only revived claims alleging injuries resulting from a "sexual offense" as defined under the New York penal code.  None of the conduct alleged in the Complaint constitutes a "sexual offense" under New York law.

Plaintiff's assault claim is independently time-barred because this cause of action by definition only involves creating an *apprehension* of offensive contact, and therefore does not encompass the kind of physical contact necessary to constitute a "sexual offense" under New

---

[1] In 2022, Mr. Spacey was found not liable by a civil jury on all claims against him brought by actor Anthony Rapp.  *See Rapp v. Fowler,* No. 20-CV-9586 (LAK), 2022 WL 14891327, at *1 (S.D.N.Y. Oct. 26, 2022).  In 2023, Mr. Spacey was acquitted on all criminal charges brought against him in the United Kingdom.  *See* https://www.reuters.com/world/uk/actor-kevin-spacey-acquitted-all-nine-sexual-offence-charges-london-trial-2023-07-26/

1

York criminal law. It accordingly was not revived under the ASA.

Plaintiff's claim for negligence also independently fails for the fundamental reason that the only alleged misconduct in the Complaint was intentional, and not negligent, conduct.

Plaintiff's claim for intentional infliction of emotional distress independently fails because it is either duplicative of the assault claim, or to the extent it is based on conduct unrelated to any alleged assault, comes nowhere near alleging a sexual offense under the ASA. It also fails because the conduct alleged in the Complaint—sexual comments coupled with slight physical contact—does not meet the high bar for the required element of "extreme and outrageous conduct."

Plaintiff's claim for negligent infliction of emotional distress similarly fails because 1) it impermissibly duplicates the assault and negligence claims; 2) no "extreme and outrageous conduct" is alleged; 3) there is no allegation of negligent (as opposed to intentional) conduct to support it; and 4) Plaintiff fails to plead the requisite "special duty" to him necessary for this claim.

For these reasons, the Complaint should be dismissed in its entirety with prejudice.

## FACTS ALLEGED IN THE COMPLAINT[2]

Plaintiff alleges that he is a massage therapist working in New York. Compl. ¶ 7. He alleges that on three occasions in August and September 2016, Mr. Spacey booked a massage with him at the New York Edition Hotel through a smartphone app. *Id.* ¶ 9.

Plaintiff alleges that during these massage appointments, Mr. Spacey engaged in the following conduct: insisted that the massage begin with his buttocks; assumed "yoga poses" that exposed his buttocks and genitals; attempted to touch Plaintiff's arm during the massage; was

---

[2] While Mr. Spacey vehemently denies the allegations in the Complaint and will disprove them if the case proceeds to the merits, these allegations are taken as true for the purposes of this motion to dismiss.

2

"visibly sexually aroused;" offered to pay Plaintiff for sexual favors; made sexual comments to Plaintiff concerning his appearance; and "grabbed Plaintiff's hand and attempted to place it on his genital area." *Id*. ¶ 11.  Plaintiff alleges that he "continually rejected the defendant's inappropriate requests and advances." *Id*. ¶ 12.  Plaintiff does not allege that any sexual contact occurred between himself and Mr. Spacey. *Id*. ¶ 11.  Plaintiff does not allege that Mr. Spacey's "attempt" to place Plaintiff's hand on his genital area succeeded or that any genital contact occurred. *Id.*

Plaintiff further does not allege that it would be unusual for a massage client to be nude during a massage.  Plaintiff does not allege that it would be unusual for a massage to include contact with the client's buttocks, that any contact with buttocks actually occurred here, or that any such contact was nonconsensual. *Id*.

Plaintiff alleges that Mr. Spacey "kept an incognito status during his stays at the hotel, and insisted upon wearing a ski mask during these massage appointments and never booked appointments under his real name." *Id*. ¶ 10.  Plaintiff does not allege how he was able to identify Mr. Spacey as his alleged client.

Plaintiff alleges that the last of his three appointments with Mr. Spacey occurred in September 2016.  *Id.* ¶ 15.

On September 29, 2023, Plaintiff filed the Complaint against Mr. Spacey.  The Complaint purports to state claims for 1) negligent infliction of emotional distress ("NIED"); 2) intentional infliction of emotional distress ("IIED"); 3) assault; and 4) negligence.  *Id*. ¶¶ 19-39.

## STANDARD OF REVIEW

Under Fed. R. Civ. P. 12(b)(6), a district court "accept[s] all of the complaint's factual allegations as true and draw[s] all reasonable inferences in the plaintiffs' favor." *Giunta v. Dingman*, 893 F.3d 73, 79 (2d Cir. 2018).  The complaint must, however, plead allegations that

state a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has 'facial plausibility' when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Forest Park Pictures v. Universal Television Network, Inc.*, 683 F.3d 424, 429 (2d Cir. 2012) (citation omitted). It is not enough to assert mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*, 550 U.S. at 555. A court "is not required to credit conclusory allegations unsupported by facts . . . or to suspend common sense in conducting its analysis." *AJ Energy LLC v. Woori Bank*, No. 18-cv-3735 (JMF), 2019 WL 4688629, at *3 (S.D.N.Y. Sept. 26, 2019), *aff'd*, 829 F. App'x 533 (2d Cir. 2020) (internal citation omitted)

"Where the dates in a complaint show that an action is barred by a statute of limitations," a defendant may move for pre-answer dismissal on those grounds. *Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir. 1989). "Such a motion is properly treated as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted." *Id*.

## ARGUMENT

### I.  PLAINTIFF'S CLAIMS ARE TIME-BARRED

Each of Plaintiff's causes of action is untimely under their respective statutes of limitation. All claims accrued on or before the last alleged massage appointment in September 2016, making them approximately seven years old at the time the Complaint was filed in September 2023. *See* Compl. ¶ 15. The intentional torts of assault and IIED are subject to a one-year statute of limitations. *See* N.Y. CPLR § 215(3); *Mariani v. Consol. Edison Co. of New York*, 982 F. Supp. 267, 273 (S.D.N.Y. 1997) ("It is well established that the one-year statute of limitations set forth in CPLR § 215(3) for intentional torts is applicable to claims for intentional infliction of emotional distress"). Negligence and NIED have a three-year statute of limitations.

4

*See* N.Y. CPLR § 214; *Geiss v. Weinstein Co. Holdings LLC*, 383 F. Supp. 3d 156, 171 (S.D.N.Y. 2019) ("The New York limitations periods are three years for negligence claims, including . . . negligent infliction of emotional distress").

Recognizing that his claims are otherwise time-barred, Plaintiff unsuccessfully attempts to invoke the Adult Survivors Act ("ASA") to extend the statute of limitations. *See* Compl. ¶ 17. The ASA provides, in relevant part:

> *[E]very civil claim* or cause of action brought against any party *alleging* intentional or negligent acts or omissions by a person for physical, psychological, or other *injury* or condition *suffered as a result of conduct which would constitute a sexual offense as defined in article one hundred thirty of the penal law committed against such person* who was eighteen years of age or older . . . which is barred as of the effective date of this section because the applicable period of limitation has expired … *is hereby revived* . . . .

N.Y. CPLR § 214-j (emphasis added). The ASA operated to revive civil claims by adult victims of sexual offenses until November 24, 2023, but only if the alleged injury was the result of conduct that constitutes a "sexual offense" under N.Y. Penal Law Art. 130. *Id.*; *see Levin v. Sarah Lawrence Coll.*, No. 23-CV-10236 (LJL), 2024 WL 4026966, at *13 (S.D.N.Y. Sept. 3, 2024) ("Absent allegations in the Complaint giving rise to an inference that Plaintiffs were injured as a result of conduct which would constitute a sexual offense under Article 130, the ASA does not apply to revive their state-law claims"); *Johnson v. NYU Langone Health*, No. 22 CIV. 09456 (JHR), 2023 WL 6393466, at *3 (S.D.N.Y. Sept. 30, 2023) (Rearden, J.) ("Because Plaintiff has not alleged that [Defendant's] conduct constituted a 'sexual offense' under Article 130 of the Penal Law, Plaintiff's civil assault and civil battery claims were not revived by the ASA").

All of Plaintiff's claims are based on Mr. Spacey's alleged conduct during the alleged massage appointments, and this conduct fails to satisfy the elements of any criminal offense

5

under N.Y. Penal Law Art. 130.  Nearly all of the allegations are unrelated to the elements of these crimes, which generally involve some form of physical contact.  *See* N.Y. Penal Law § 130, *et seq*.  Article 130 does not criminalize offering someone money for sex, exposing yourself through "yoga poses" or otherwise, being "visibly aroused," or making unwanted sexual comments or advances.  *See id*; Compl. ¶ 11.

The only allegation regarding physical contact is that Mr. Spacey "grabbed Plaintiff's hand and attempted to place it on his genital area," but this too fails to allege an offense under Article 130.  *See* Compl. ¶ 11.  The offenses of rape and sexual misconduct require nonconsensual vaginal, oral, or anal sexual contact, which is plainly not alleged.  *See* N.Y. Penal Law §§ 130.20; 130.25.[3]  There are two misdemeanor offenses in Article 130—sexual abuse in the third degree and forcible touching—that criminalize certain non-consensual contact that falls short of rape, but neither have been alleged here.

Sexual abuse in the third degree occurs when someone "subjects another person to sexual contact without the latter's consent."  N.Y. Penal Law § 130.55.  "Sexual contact" is a defined term that "means any touching of the sexual or other intimate parts of a person for the purpose of gratifying sexual desire of either party."  *Id*. § 130.00(3).

The Complaint does not allege sexual abuse in the third degree because it alleges no nonconsensual "touching of the sexual or other intimate parts of a person."  *See* 130.00(3).  Although the Complaint alleges that Mr. Spacey placed his hand on Plaintiff's arm in an attempt to guide it to his genitals, Plaintiff alleges that he successfully resisted the attempted contact without any genital contact occurring.  Compl. ¶ 11.  Thus, the Complaint alleges contact only

---

[3]  Various other Article 130 offenses only apply to child victims or involve other conduct not even arguably related to the allegations here.  *See, e.g.,* Penal Law §§ 130.75 (Course of Sexual Conduct Against a Child); 130.85 (Female Genital Mutilation).

between Mr. Spacey's hand and Plaintiff's arm, which does not constitute a "sexual or other intimate part." *See People v. Shepherd*, 179 Misc. 2d 171, 176 (N.Y. Sup. Ct. 1998) (holding that contact with arms in context of an "unlawful hug" did not constitute contact with a "sexual or intimate part" and thus did not give rise to sexual abuse in the third degree).

The meaning of "sexual or intimate part" was discussed in detail in *People v. Victor P.*, 120 Misc. 2d 770 (N.Y. Crim. Ct. 1983), in which the court explained that it depends on "our general societal mores." *Id*. at 772. The essential inquiry is whether the body part at issue would not normally "touched or fondled without the consent of the one being touched or fondled." *Id*.; *see also People v. Sene*, 66 A.D.3d 427 (1st Dep't 2009) ("We conclude that, under general societal norms, the neck qualifies as an intimate part because it is sufficiently personal or private that it would not be touched in the absence of a close relationship between the parties."). For that reason, the court explained that touching a woman's "uncovered shoulder" at the beach would <u>not</u> qualify as contact with a sexual or intimate part, as contrasted with touching her "covered breast or buttocks," which would so qualify. *Victor P.*, 120 Misc. 2d at 773.

We are aware of no case in which a person's arm was held to be a "sexual or intimate part" within the meaning of Article 130, and the one case that addressed this question found that it was not. *See Shepherd*, 179 Misc. 2d 171 at 176 (finding that arms were not "sexual or intimate part"). This is consistent with the above-referenced case law stating that this definition depends on social conventions. It is common and customary for even a complete stranger to non-consensually touch someone else's arm without outrage. *See Victor P.*, 120 Misc. 2d at 772-73 (providing example of a shoulder as a non-intimate body part).

Moreover, the allegations also fail to state a claim for sexual abuse because they lack the required element of intent: that the alleged non-consensual touching was "for the purpose of

7

gratifying sexual desire." N.Y. Penal Law §130.00(3).  It cannot be reasonably inferred from the Complaint that Mr. Spacey either sought or obtained sexual gratification through the only alleged contact that occurred, which was with Plaintiff's arm.  *See People v. Kassebaum*, 187 A.D.3d 786 (2d Dep't 2020) (reversing sexual abuse conviction because prosecution "failed to demonstrate that the touching [of complainant's buttocks] was for the purpose of gratifying the sexual desire of the defendant or the complainant.").  Even if it could be inferred that Mr. Spacey allegedly *wished* for Plaintiff to gratify him by touching his genitals, because such touching never happened, the necessary causal connection between the elements of "intent" and "touching" are not met.

The Complaint also fails to allege the misdemeanor of forcible touching for largely identical reasons.  Forcible touching occurs when a person "intentionally, and for no legitimate purpose: forcibly touches the sexual or other intimate parts of another person for the purpose of degrading or abusing such person, or for the purpose of gratifying the actor's sexual desire."  N.Y. Penal Law § 130.52(1).  Here too, this offense is not alleged because the Complaint does not allege contact with "a sexual or other intimate part" of the Defendant, let alone "forcible" contact.  *See supra* at 6-7; *Johnson*, 2023 WL 6393466, at *3 (dismissing claims purportedly brought under ASA for failure to allege elements of forcible touching).  Nor is there any allegation that the sole contact that allegedly occurred—with Plaintiff's arm—was for the purpose of "degrading or abusing such person, or for the purpose of gratifying the actor's sexual desire."  N.Y. Penal Law § 130.52(1); *supra* at 7-8.

Because the Complaint fails to allege any offense under Article 130, the ASA is inapplicable and all claims must be dismissed as untimely.  *See Levin*, 2024 WL 4026966, at *13; *Johnson*, 2023 WL 6393466, at *3.

8

## II. PLAINTIFF FAILS TO STATE A CLAIM FOR ASSAULT

Plaintiff's assault claim (Third Cause of Action) is time-barred for an additional and distinct reason. Civil assault "is an intentional placing of another person in fear of imminent harmful or offensive contact." *Tardif v. City of New York*, 991 F.3d 394, 410 (2d Cir. 2021). This cannot constitute a "sexual offense" under Article 130 of the New York Penal Law regardless of the specific alleged conduct. This is because all "sexual conduct" defined in N.Y. Penal Law § 130.00 which can support a sexual offense requires some offensive touching, not merely placing someone in fear of imminent harmful or offensive contact. *See supra* § I. Because the commission of assault is distinct from the elements of any sexual offense, it cannot fall within the enumerated claims for which the statute of limitations was revived under the ASA. *See Rapp v. Fowler,* No. 20-CV-9586 (LAK), 2022 WL 1997176, at *3 (S.D.N.Y. June 6, 2022) (dismissing assault claim under analogous provision of Child Victims Act because "common law assault is not a sexual offense" under Article 130 revived by the act). This claim is accordingly time-barred under its applicable one-year statute of limitations.

## III. PLAINTIFF FAILS TO STATE A CLAIM FOR NEGLIGENCE

Even if it were timely (and like all of his claims, it is not), Plaintiff's negligence cause of action (Fourth Cause of Action) should be independently dismissed for failure to state a claim. All of the alleged misconduct in this case was intentional, not negligent. The Complaint alleges that Mr. Spacey intentionally propositioned Plaintiff for sex, touched his arm, made sexual comments to him, and assumed yoga poses. *See* Compl. ¶ 11. The negligence count further specifies that it is based on the allegation that Mr. Spacey "harassed and assaulted" him— conduct which is necessarily intentional in nature. *See* Compl. ¶ 38 (alleging that Mr. Spacey "was negligent, careless, and/or reckless when he harassed and assaulted the Plaintiff"). Courts have consistently found that a negligence claim cannot be based on allegations of intentional

9

conduct, including assault. *See United Nat. Ins. Co. v. Tunnel, Inc.,* 988 F.2d 351, 353 (2d Cir. 1993) ("There is no such cause of action as negligent assault and battery. An assault and battery is an intentional act, whereas negligence is unintentional."); *D.K. by L.K. v. Teams*, 260 F. Supp. 3d 334, 366 n.15 (S.D.N.Y. 2017) (noting "rule that a defendant cannot be liable for an intentional tort and negligence based on the same conduct") (citing *Mazzaferro v. Albany Motel Enters., Inc.*, 127 A.D.2d 374, 376 (3rd Dep't 1987) ("New York has adopted the prevailing modern view that, once intentional offensive contact has been established, the actor is liable for assault and not negligence, even when the physical injuries may have been inflicted inadvertently.")); *Davis v. Brown*, No. 12-CV-1906 SJF AYS, 2015 WL 1475711, at *3 (E.D.N.Y. Mar. 31, 2015) ("allegations of intentional conduct cannot form the basis of a claim founded in negligence."); *Hettinger v. Kleinman*, 733 F. Supp. 2d 421, 448 (S.D.N.Y. 2010) (dismissing negligent representation claim because "a party's conduct cannot simultaneously be intentional and careless"). Accordingly, this claim must be dismissed for lacking the core element of a negligence claim—which is negligence itself. *See Rosas v. Petkovich*, 218 A.D.3d 814 (2d Dep't 2023) ("Allegations of intentional conduct cannot form the basis of a negligence cause of action. Thus, where a complaint alleges an injury as the result of intentional acts of the defendant, it does not allege negligence, even if it alleges that the defendant acted negligently."

### IV. PLAINTIFF FAILS TO STATE A CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Intentional infliction of emotional distress "is a highly disfavored tort under New York law." *HC2, Inc. v. Delaney*, 510 F. Supp. 3d 86, 104 (S.D.N.Y. 2020). "New York courts have held that intentional infliction of emotional distress claims cannot be brought where the challenged conduct falls well within the ambit of other traditional tort liability." *Goolden v. Wardak*, No. 19-CV-6257 (JPO), 2020 WL 4271695, at *6 (S.D.N.Y. July 23, 2020) (quotation

omitted).

To the extent that Defendant's claim for IIED is based on his claim that Mr. Spacey "assaulted" him through unwanted physical contact, it must be dismissed as duplicative of his assault claim. *See Miller v. Cnty. of Erie*, No. 17-CV-00928W(F), 2019 WL 1244196, at *4 (W.D.N.Y. Feb. 27, 2019) ("claims for intentional infliction of emotional distress that are duplicative of assault and battery claims are routinely dismissed as fatally flawed"), *report and recommendation adopted*, No. 17-CV-00928 (EAW), 2019 WL 1243680 (W.D.N.Y. Mar. 18, 2019); *see also Goolden,* 2020 WL 4271695, at *6 ("allegation of sexual assault . . . falls well within the ambit of other traditional tort liability" and therefore does not support IIED claim.).

On the other hand, to whatever extent Defendant's intentional infliction of emotional distress is based on alleged conduct <u>other than</u> physical contact with him—such as propositioning him for sex or making sexual comments—then it cannot possibly be timely under the ASA. None of the alleged conduct unrelated to physical contact even remotely resembles a sexual offense under Article 130, and therefore any claim based on such conduct is not revived by the ASA. *See Johnson*, 2023 WL 6393466, at *3 (dismissing purported ASA claim as time-barred because it did not allege physical contact necessary to support Article 130 offense).

This claim also fails because it does not satisfy the necessary element of "extreme and outrageous conduct." *Stuto v. Fleishman*, 164 F.3d 820, 827 (2d Cir. 1999). Liability for IIED may not be imposed unless "the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." *Id*.

Sexual overtures, propositions, and incidental physical contact are not sufficient to meet this exacting standard. For instance, in cases of sexual harassment, "sexual battery should be

11

alleged" for an intentional infliction of emotional distress claim to withstand dismissal. *Ponticelli v. Zurich Am. Ins. Grp.*, 16 F. Supp. 2d 414, 440–41 (S.D.N.Y. 1998) (collecting cases); *see also Clarke v. UFI, Inc.*, 98 F. Supp. 2d 320, 328 (E.D.N.Y. 2000) (allegations that defendant repeatedly and forcefully pinched plaintiff, touched his shoulders, and gave him unwanted bearhugs "fall well short of the substantial threshold required as a matter of law to show outrageous conduct"). Where, as here, the allegations consist of sexual comments coupled with slight physical contact, the "outrageousness" standard is not met. *See, e.g., Lucas v. S. Nassau Communities Hosp.*, 54 F. Supp. 2d 141, 145 (E.D.N.Y. 1998) (allegations of sexual comments and that defendant's "hand allegedly touched plaintiff on three occasions" and "touched plaintiff's back or shoulder briefly on five to seven other occasions" held insufficient to establish outrageous conduct supporting IIED claim).

V. **PLAINTIFF FAILS TO STATE A CLAIM FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

The elements of NIED are "(1) breach of a duty owed to plaintiff, which breach either unreasonably endangered plaintiff's physical safety or caused plaintiff to fear for his physical safety; (2) extreme and outrageous conduct; (3) a causal connection between the conduct and the injury; and (4) severe emotional distress." *Nieblas-Love v. New York City Hous. Auth.*, 165 F. Supp. 3d 51, 77 (S.D.N.Y. 2016).

Plaintiff's claim for NIED fails for the same reasons as his claim for IIED. The allegations upon which it is based either impermissibly duplicate the tort of assault, or else they do not involve physical contact at all and therefore indisputably fail to make out a sex offense that could be revived under the ASA. *See supra* § IV. The Complaint's allegations also fail to establish the "extreme and outrageous conduct" necessary to support the claim. *Id*.

The NIED claim also fails because it is impermissibly duplicative of Plaintiff's

negligence claim. *See Watkins v. Harlem Ctr. for Nursing & Rehab., LLC*, No. 20 CIV. 2919 (KPF), 2021 WL 4443968, at *14 (S.D.N.Y. Sept. 28, 2021) ("Plaintiffs' claim for negligent infliction of emotional distress must be dismissed because it is duplicative of their claim for negligence."); *Richardson v. City of New York*, 2015 WL 7752143, at *19 (S.D.N.Y. Nov. 18, 2015) (dismissing NIED claim based "on the same conduct giving rise to his state law claims for negligence"); *Djangmah v. Falcione*, 2013 WL 208914, *9 (S.D.N.Y. Jan. 18, 2013) (a NIED claim cannot be asserted if it is "essentially duplicative of tort or contract causes of action.") (quoting *Wolkstein v. Morgenstern*, 275 A.D.2d 635 (1st Dep't 2000)).

And even if it could stand alongside the negligence claim (it cannot), the NIED claim similarly fails because the Complaint only alleges intentional and not negligent conduct. *See supra* § III; *Edwards v. Annucci*, No. 17 CV 5018 (VB), 2019 WL 1284295, at *11 (S.D.N.Y. Mar. 20, 2019) ("[B]ecause plaintiff's claims for negligent infliction of emotional distress are premised on defendants' intentional conduct, those claims fail as a matter of law"); *Bermudez v. City of New York*, No. 11 CIV. 750 (LAP), 2014 WL 11274759, at *11 (S.D.N.Y. Mar. 25, 2014) ("Negligent infliction of emotional distress may not be based on intentional conduct."); *see also Chiesa v. McGregor*, 209 A.D.3d 963, 966 (2d Dep't 2022) ("A negligent infliction of emotional distress cause of action must fail where, as here, no allegations of negligence appear in the pleadings").

Finally, the Complaint fails to allege the required "special duty" owed to Plaintiff. An NIED claim must be supported by a "special duty" that is "unique to the plaintiff;" it cannot be the general duty to all members of the public to "obey the law." *Kojak v. Jenkins*, No. 98 CIV. 4412 (RPP), 1999 WL 244098, at *9 (S.D.N.Y. Apr. 26, 1999); *see also Kelly v. Chase Manhattan Bank*, 717 F. Supp. 227, 235 (S.D.N.Y. 1989) ("recovery for negligent infliction of

13

emotional distress is circumscribed to unique facts where a special duty is owed"). Thus in the absence of some special relationship, allegations regarding sexual misconduct fail to allege the duty requisite to support an NIED claim. *See Kojak*, 1999 WL 244098, at *9 (dismissing NIED claim based on aggressive sexual advances because of the lack of any special duty between co-workers); *Drankwater v. Miller*, 830 F. Supp. 188, 191 n.5 (S.D.N.Y. 1993) (dismissing NIED claim sua sponte for failure to allege "special duty" against alleged sexual harasser).

## CONCLUSION

For all the foregoing reasons, Defendant Kevin Spacey respectfully requests that the Court grant an order dismissing the Complaint in its entirety with prejudice.

Dated: December 13, 2024
       New York, New York

                Respectfully submitted,

                SHER TREMONTE LLP

By:   */s/ Mark Cuccaro*
      Michael Tremonte
      Doug Jensen
      Mark Cuccaro
      90 Broad Street, 23rd Floor
      New York, NY 10004
      (212) 202-2600
      mtremonte@shertremonte.com
      djensen@shertremonte.com
      mcuccaro@shertremonte.com

      *Attorneys for Defendant Kevin Spacey*