IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
J.D.,

                              Plaintiff,

       -against-

KEVIN SPACEY,

                            Defendant.

------------------------------------------------------------------------X

Case No.:
1:24-CV-08630-JHR

## NOTICE OF PLAINTIFF'S MOTION FOR LEAVE TO PROCEED UNDER A PSEUDONYM

**PLEASE TAKE NOTICE** that upon the annexed Affirmation of Emma J. Wiegand, Esq. dated December 13, 2024, the exhibits attached thereto, and the accompanying Memorandum of Law, the undersigned hereby moves this Court on behalf of Plaintiff, J.D. (hereinafter "Plaintiff"), before the Honorable Jennifer H. Rearden, District Judge of the United States Court for the Southern District of New York, 500 Pearl Street, New York, NY 10007, for an Order granting Plaintiff leave to proceed under a pseudonym, and for such other and further relief as the Court deems just and proper.

Dated:  December 13, 2024
         New York, New York

                                                   _____
                                                   Emma J. Wiegand, Esq.
                                                   Caitlin Robin & Associates, PLLC
                                                   *Attorneys for Plaintiff*
                                                   30 Broad Street, Suite 702
                                                    New York, NY 10004
                                                   (646) 524-6026
                                                   emma@robinandassociates.com
                                                   caitlin@robinandassocaites.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
J.D.,

                Plaintiff,

      -against-

KEVIN SPACEY,

                Defendant.

-------------------------------------------------------------------------------X

Civil Action No.:
1:24-CV-08630-JHR

# PLAINTIFF J.D.'S MOTION FOR LEAVE TO PROCEED UNDER A PSEUDONYM

Dated: December 12, 2024
       New York, New York

_____
Emma J. Wiegand, Esq.
Caitlin Robin & Associates, PLLC
*Attorneys for Plaintiff*
30 Broad Street, Suite 702
New York, NY 10004
(646) 524-6026
emma@robinandassociates.com
caitlin@robinandassocaites.com

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ..............................................................................................1

STATEMENT OF FACTS .......................................................................................................1

PROCEDURAL HISTORY .....................................................................................................3

ARGUMENT ............................................................................................................................3

    I.    THE BALANCE OF THE 10 *SEALED PLAINTIFF* FACTORS OUTLINED BY THE SECOND CIRCUIT SUPPORT ALLOWING THE PLAINTIFF TO PROCEED UNDER A PSEDONYM IN THE INSTANT ACTION ..........................3

        a.   This Case Involves Matters That are Highly Sensitive and of a Personal Nature ...4

        b.   Identification Poses a Risk of Mental Harm to Plaintiff and His Family ................5

        c.   Identification Poses a Risk of Professional Harm to Plaintiff .................................7

        d.   Plaintiff's Identity Has Been Kept Confidential Thus Far.......................................7

CONCLUSION .........................................................................................................................8

# **TABLE OF AUTHORITIES**

**Federal Cases**

*Doe v. Del Rio*,
    241 F.R.D. 154, 157 (S.D.N.Y. 2006) ..................................................................................8

*Doe v. Shakur*,
    164 F.R.D. 359 (S.D.N.Y. 1996) .......................................................................................5, 6

*Doe v. Weinstein*,
    484 F.Supp.3d 90 (S.D.N.Y. 2020) ......................................................................................3

*Does I thru XXIII v. Advanced Textile Corp.*,
    214 F.3d 1058 (9th Cir. 2000) .............................................................................................7

*James v. Jacobson*,
    6 F.3d 233, 238 (4th Cir. 1993) ...........................................................................................5

*M.M. v. Zavaras*,
    139 F.3d 798 (10th Cir. 1998) .............................................................................................5

*Sealed Plaintiff v. Sealed Defendant*,
    537 F.3d 185 (2d Cir. 2008) .............................................................................3, 4, 5, 7, 8

**Statutes**

Federal Rules of Civil Procedure 10 ...............................................................................................3

**PRELIMINARY STATEMENT**

This case alleges claims of negligent infliction of emotional distress, intentional infliction of emotional distress, assault, and negligence by the Defendant during the period of approximately August 31, 2016 through September 2016. During this time, Defendant booked approximately three (3) 90-minute massages with Plaintiff, a licensed massage therapist, while Defendant was a guest at the New York Edition Hotel.

During these appointments, Defendant made unwanted and inappropriate sexual advances toward the Plaintiff and sexually assaulted the Plaintiff, as detailed below.

As a result of these incidents, Plaintiff has suffered from mental and emotional distress, and has stopped taking appointments at the New York Edition Hotel to his professional detriment out of fear and concern for this livelihood as a massage therapist, and to his financial detriment as a provider for his wife and children.

**STATEMENT OF FACTS**

The following facts are taken from Plaintiff's Complaint which is annexed hereto as Exhibit A.

Plaintiff, J.D., is a resident of New York and a licensed and insured massage therapist who performs massages and therapies in and around New York State. (Exhibit A at ¶ 7). As a part of his practice, Plaintiff utilized the Soothe app, to promote himself and book his therapy services. (*Id.* at ¶ 7).

Beginning on or about August 31, 2016, the Defendant, KEVIN SPACEY, booked a series of approximately three (3) 90-minute deep tissue massages with Plaintiff, J.D., via the Soothe app, during his stays at the New York Edition Hotel in New York City. (*Id.* at ¶ 9). Defendant never booked appointments under his real name, and insisted upon wearing a ski mask

1

during the appointments. (*Id.* at ¶ 10).

During these massage appointments with Plaintiff J.D., from on or about August 31, 2016 through September 2016, Defendant made multiple unwanted and inappropriate sexual advances toward the Plaintiff and sexually assaulted the Plaintiff by: insisting on starting the massage with a focus on his buttocks; insisting on doing "yoga" poses which exposed his buttocks and genitals while Plaintiff was massaging him, which made Plaintiff uncomfortable; attempting to touch the Plaintiff's arm during these massages; repeatedly becoming visibly sexually aroused during these massages from Plaintiff; repeatedly pressing the Plaintiff to perform sexual favors; offering the Plaintiff extra money in exchange for said sexual favors; repeatedly making sexual comments toward the plaintiff during these massages, commenting on Plaintiff's looks and physique; and grabbing Plaintiff's hand and attempting to place it on his genital area, despite Plaintiff's repeated rejection of his advances. (*Id.* at ¶ 11).

Because Defendant booked these appointments under an assumed name, Plaintiff was unable to avoid confirming appointments with the Defendant and never knew his true identity until he was already inside the hotel room with him. (*Id.* at ¶ 13). After each of these massage appointments, Defendant would tip the Plaintiff in cash, with the implication that it was for his discretion. (*Id.* at ¶ 14).

Shortly after the final incident, in or around September 2016, Plaintiff stopped taking appointments at the New York Edition Hotel, despite the negative financial and professional implications as the mental and emotional distress that resulted from these incidents was too great.

(intentionally left blank)

**PROCEDURAL HISTORY**

This action was initiated with the filing of a summons and verified complaint by Plaintiff on October 4, 2023, in the Supreme Court of the State of New York, New York County under the Index Number 159741/2023. (Exhibit A). On October 4, 2023, Plaintiff filed an Order to Show Cause to proceed under a pseudonym and under seal in state court. (Exhibit B). In an Order dated November 20, 2023, the New York County Supreme Court granted that motion permitting Plaintiff to proceed under the pseudonym "J.D." (Exhibit C).

On October 16, 2024, Defendant accepted service through counsel and indicated their intention to remove the action to federal court. (Exhibit D). Defendant filed a Notice of Removal to the Southern District on November 13, 2024. (ECF at Doc. No. 1).

**ARGUMENT**

I. **THE BALANCE OF THE 10 *SEALED PLAINTIFF* FACTORS OUTLINED BY THE SECOND CIRCUIT SUPPORT ALLOWING THE PLAINTIFF TO PROCEED UNDER A PSEDONYM IN THE INSTANT ACTION**

Under Rule 10(a) of the Federal Rules of Civil Procedure, "[t]he title of [a] complaint must name all the parties." *See* Fed. R. Civ. P. 10. However, under certain circumstances, "a district court has discretion to grant an exception to the general requirement of disclosure of the names of parties to permit a plaintiff to proceed under a pseudonym." *Doe v. Weinstein*, 484 F.Supp.3d 90, 93 (S.D.N.Y. 2020) (internal quotations omitted) (citing *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008).

"The question for the district court is whether the plaintiff has a substantial privacy interest that outweighs the customary and constitutionally-embedded presumption of openness is judicial proceedings." *Doe*, 484 F.Supp.3d at 93 (internal quotations omitted) (citing *Sealed Plaintiff*, 537 F.3d at 189).

3

"In *Sealed Plaintiff v. Sealed Defendant*, the Second Circuit identified a non-exhaustive list of considerations that a district court should take into account when ruling on a motion to proceed anonymously." *Id.* at 93. The ten (10) *Sealed Plaintiff* factors are: "(1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the [plaintiff] or even more critically, to innocent non-parties; (3) whether identification presents other harms; (4) whether the plaintiff is particularly vulnerable ..., particularly in light of [her] age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press [her] claims anonymously; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose [her] identity; (9) whether, because of the purely legal nature of the issues presented ..., there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff." *Id.* at 93.

In determining whether a plaintiff can proceed under a pseudonym, "[a] district court is not required to list each of the factors or use any particular formulation provided that it balances the interests at stake" in its contemplation. *Id.* at 93; *Sealed Plaintiff*, 537 F.3d at 191 n.4.

As discussed herein, Plaintiff J.D. respectfully submits that this Court should exercise its discretion and allow him to proceed under a pseudonym as this case involves highly sensitive matters and the potential harm to Plaintiff, his family, and his profession outweighs any potential prejudice to the Defendant.

**A.** **This Case Involves Matters That are Highly Sensitive and of a Personal Nature**

The first factor identified by the Second Circuit in *Sealed Plaintiff* is "whether the

4

litigation involves matters that are highly sensitive and of a personal nature." *Sealed Plaintiff*, 537 F.3d at 190 (internal quotations omitted) (citing *M.M. v. Zavaras*, 139 F.3d 798, 803 (10th Cir. 1998).

Similar to the plaintiff in *Doe*, Plaintiff's claims in this action revolve around three separate incidents where Plaintiff was hired to perform professional massage therapy services for Defendant, and Defendant made multiple unwanted and inappropriate sexual advances toward the Plaintiff and sexually assaulted the Plaintiff by: insisting on starting the massage with a focus on his buttocks; insisting on doing "yoga" poses which exposed his buttocks and genitals while Plaintiff was massaging him, which made Plaintiff uncomfortable; attempting to touch the Plaintiff's arm during these massages; repeatedly becoming visibly sexually aroused during these massages from Plaintiff; repeatedly pressing the Plaintiff to perform sexual favors; offering the Plaintiff extra money in exchange for said sexual favors; repeatedly making sexual comments toward the plaintiff during these massages, commenting on Plaintiff's looks and physique; and grabbing Plaintiff's hand and attempting to place it on his genital area, despite Plaintiff's repeated rejection of his advances.

As such, it is evident that this case involves "matters that are highly sensitive and of a personal nature," and therefore this factor weighs substantially in favor of Plaintiff proceeding under a pseudonym.

**B.    Identification Poses a Risk of Mental Harm to Plaintiff and His Family**

The second *Sealed Plaintiff* factor is "whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties." *Sealed Plaintiff*, 537 F.3d at 190 (internal quotations omitted) (citing *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993); *Zavaras*, 139 F.3d at 803; *Doe v. Shakur*,

164 F.R.D. 359, 361 (S.D.N.Y. 1996).

As detailed above, the incidents giving rise to the claims in this action involve Plaintiff being subjected to unwanted and inappropriate sexual advances, harassment, and assault by Defendant while Plaintiff was trying to perform his job as a massage therapist. Following these incidents, Plaintiff took steps to ensure that Defendant would not be able to assault or harass him again, including fully withdrawing his services from the New York Edition Hotel, and suffered severe mental and emotional distress and fear at the thought of his professional colleagues and business partners becoming aware of what he had endured.

Further, Plaintiff has taken steps to ensure that his children are not negatively impacted by what he experienced. In pursuing this action, Plaintiff has proceeded under a pseudonym thus far to ensure that his wife and children are protected from the negative comments, slander, and blame that is routinely directed towards plaintiffs in actions involving sexual assault and harassment.

If Plaintiff is not allowed to proceed under a pseudonym, not only would it cause him great emotional and mental distress, fear for professional suffering, and embarrassment, it would also expose his wife and children to the same mental and emotional distress and retaliatory harm that is all too common in sexual assault and harassment cases. Plaintiff, and moreover his innocent non-party wife and children, should not be subject to identification and retaliation by Defendant, the media, and/or any other party because of the illegal actions taken by the Defendant against Plaintiff.

As such, it is evident that identification of the Plaintiff in this case would not only expose him to a risk of retaliatory harm, but would also put his innocent non-party wife and children at risk for such harm, and therefore this factor weighs substantially in favor of Plaintiff proceeding

under a pseudonym.

**C.      Identification Poses a Risk of Professional Harm to Plaintiff**

The third *Sealed Plaintiff* factor is "whether identification presents other harms…" *Sealed Plaintiff*, 537 F.3d at 190 (citing *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000).

In addition to the risk of retaliatory harm to himself and his wife and children described supra, identification of the Plaintiff would also expose him to a risk of further professional harm.

Following the incidents giving rise to this action, Plaintiff took steps to ensure that Defendant would not be able to assault or harass him again, including fully withdrawing his services from the New York Edition Hotel, and suffered severe mental and emotional distress and fear of his professional colleagues and business partners becoming aware of what he had endured. As a result, Plaintiff has made efforts to ensure that his professional opportunities are not further harmed by public knowledge of the instant case and the events underlying the claims herein.

Should Plaintiff be publicly identified, he would be at risk for professional harm such as cancellation of appointments and withdrawal of client locations (i.e., other hotels, spas, etc.). This potential harm to Plaintiff's profession, in addition to the mental emotion retaliatory harm discussed above, is another factor that weighs heavily in favor of Plaintiff's privacy interests.

As such, the identification of Plaintiff would present a risk of "other harms" as contemplated by the Second Circuit in *Sealed Plaintiff*, and therefore this factor weighs substantially in favor of Plaintiff proceeding under a pseudonym.

**D.      Plaintiff's Identity Has Been Kept Confidential Thus Far**

The seventh *Sealed Plaintiff* factor contemplated in this analysis "whether the plaintiff's

7

identity has thus far been kept confidential. *Sealed Plaintiff*, 537 F.3d at 190 (citing *Doe v. Del Rio*, 241 F.R.D. 154, 157 (S.D.N.Y. 2006).

In the instant action, Plaintiff has not made any public statements, including via news media, social media, or any other platform, regarding the allegations in this lawsuit, and has taken every step to keep his identify private, including proceeding under a pseudonym from the inception of this action in state court. Further, Plaintiff has not revealed the identity of the Defendant or the details of the incidents giving rise to the action to anyone other than his wife.

As such, Plaintiff has ensured that his identify has remained confidential up to this point, and therefore this factor weighs substantially in favor of Plaintiff proceeding under a pseudonym.

## **CONCLUSION**

As illustrated herein, the incidents giving rise to the claims in this action involve Plaintiff being subjected to unwanted sexual advances and assault by Defendant while Plaintiff was trying to perform his job as a massage therapist. As a result of this, Plaintiff has suffered substantial mental and emotional harm, and professional harm. This suit involves highly sensitive topics and Plaintiff has taken steps to ensure his anonymity to protect not only himself, but his wife and children from potential further harm.

It is for these reasons, and all those discussed herein, that Plaintiff respectfully requests that this Court exercise its discretion and allow him to proceed under a pseudonym as this case involves highly sensitive matters and the potential harm to Plaintiff, his family, and his profession outweighs any potential prejudice to the Defendant.

Dated: December 12, 2024
      New York, New York

Respectfully submitted,

_____
Emma J. Wiegand, Esq.

8

                                              Caitlin Robin & Associates, PLLC
                                              *Attorneys for Plaintiff*
                                              30 Broad Street, Suite 702
                                              New York, New York 10004
                                              (646) 524-6026