**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

J.D.,

                Plaintiff,

      -against-                    Case No. 24-cv-08630 (JHR)

KEVIN SPACEY,

                Defendant.

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S**
**<u>MOTION FOR LEAVE TO PROCEED UNDER A PSEUDONYM</u>**

SHER TREMONTE LLP
90 Broad St., 23rd Floor
New York, New York 10004
(212) 202-2600

*Attorneys for Defendant Kevin Spacey*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ......................................................................................... 1

PROCEDURAL HISTORY ................................................................................................ 2

LEGAL STANDARD ........................................................................................................ 3

ARGUMENT ..................................................................................................................... 5

I.      PLAINTIFF FAILS TO CARRY HIS BURDEN OF JUSTIFYING ANONYMITY
        UNDER THE *SEALED PLAINTIFF* FACTORS ............................................................. 5

        A.      Whether Litigation Involves Highly Sensitive Matters (Factor 1) ............. 5

        B.      Risk Of Physical Retaliation or Mental Harm, and Likelihood
                and Severity of the Harm (Factors 2 and 3) ................................................. 6

        C.      Whether Plaintiff Is Particularly Vulnerable to Possible Harms
                of Disclosure, Particularly in Light of His Age (Factor 4) ....................... 8

        D.      Whether the Action Is Challenging the Government or Is
                Between Private Parties (Factor 5) ............................................................. 8

        E.      Whether Defendant Is Prejudiced by Allowing Plaintiff to
                Pursue Claims Anonymously (Factor 6) ...................................................... 8

        F.      Whether Plaintiff's Identity Has Been Kept Confidential (Factor 7) ....... 10

        G.      Whether the Public's Interest in the Litigation Is Furthered
                by Requiring Plaintiff to Disclose His Identity (Factor 8) ...................... 11

        H.      Whether There Is an Atypically Weak Public Interest in Knowing
                Identities Because of a Purely Legal Nature of an Action (Factor 9) ....... 11

        I.      Whether Alternative Means Exist to Protect any Confidential
                Information (Factor 10) ............................................................................. 12

        J.      The Sealed Plaintiff Factors Weigh Overwhelmingly Against
                Anonymity ................................................................................................. 12

CONCLUSION ................................................................................................................. 13

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Doe v. Combs*,
  No. 24-CV-8054 (MKV), 2024 WL 4635309 (S.D.N.Y. Oct. 30, 2024) ........................ passim

*Doe v. Del Rio*,
  241 F.R.D. 154 (S.D.N.Y. 2006) ............................................................... 3, 4, 10, 11

*Doe v. Delta Air Lines, Inc.*,
  2023 WL 7000939 (E.D.N.Y. Sept. 7, 2023) ....................................................... 4, 5

*Doe v. McLellan*,
  2020 WL 7321377 (E.D.N.Y Dec. 10,2020) ....................................................... 7, 8

*Doe v. Shakur*,
  164 F.R.D. 359 (S.D.N.Y. 1996) .............................................................. 5, 6, 9, 11

*Doe v. Skyline Automobiles, Inc*,
  375 F. Supp. 3d 401 (S.D.N.Y. 2019)............................................................... 9, 11

*Doe v. Solera Capital LLC*,
  2019 WL 1437520 (S.D.N.Y. March 31, 2019) ................................................... 6, 8

*Doe v. Townes*,
  2020 WL 2395159 (S.D.N.Y. May 12, 2020) ................................................. passim

*Doe v. Weinstein*,
  2020 WL 5261243 ............................................................................... 6, 7, 9, 11

*N. Jersey Media Grp. v. Doe*,
  2012 WL 5899331 (S.D.N.Y. Nov. 26, 2012)......................................................... 4

*Rapp v. Fowler*,
  537 F. Supp. 3d 521 (S.D.N.Y. 2021)......................................................... 4, 5, 8, 10

*Richmond Newspapers, Inc. v. Virginia*,
  448 U.S. 555 (1980)................................................................................... 10

*Roe v. Does 1-11*,
  2020 WL 6152174 (E.D.N.Y. Oct. 14, 2020)................................................... 5, 10

*Sealed Plaintiff v. Sealed Defendant*,
  537 F.3d 185 (2d Cir. 2008)................................................................... 3, 4, 6

**Rules**

Fed. R. Civ. P. 10 .................................................................................................... 3, 4, 13

Fed. R. Civ. P. 10(a) ................................................................................................. 3, 4

This memorandum of law is respectfully submitted on behalf of Defendant Kevin Spacey ("Mr. Spacey") in opposition to Plaintiff's motion for leave to proceed under a pseudonym (the ("Motion," ECF #16).

## PRELIMINARY STATEMENT

Plaintiff seeks the extraordinary relief of obtaining leave from the Court to prosecute his claims against Mr. Spacey under the cloak of a pseudonym.  Plaintiff's sole support for this request is a vague reference to emotional harm resulting from his alleged massage appointments with Mr. Spacey, during which he alleges he was unsuccessfully propositioned for sex.  But the Federal Rules of Civil Procedure's requirement that a party litigate in his own name cannot be so easily set aside.  Fairness and substantial justice demand that Plaintiff disclose his identity if he pursues this action.

Plaintiff's continued anonymity would severely prejudice Mr. Spacey, and the Motion does not even attempt to show otherwise.  Besides the fundamental unfairness of litigating against a masked accuser, Mr. Spacey's ability to investigate and conduct discovery of Plaintiff's claims would be severely inhibited if Plaintiff  were permitted to remain anonymous.  Mr. Spacey cannot speak with or take discovery from third-party witnesses without knowing and being able to disclose Plaintiff's real name, and such witnesses will likely be deterred from providing fulsome and accurate discovery if Plaintiff is permitted to remain anonymous.  And unknown witnesses who may have key information and knowledge about Plaintiff's claims and Mr. Spacey's defenses may never come forward if Plaintiff's identity remains concealed.

Plaintiff's Motion thoroughly fails to establish that any purported need for anonymity outweighs the public's interest in open judicial proceedings and the significant prejudice to Mr. Spacey.  Accordingly, the established factors considered by the Second Circuit do not support

anonymity here.  Plaintiff is an adult man, making allegations about conduct that occurred when he was an adult, who has chosen to file this case in pursuit of monetary damages.  There have been no threats of harm or retaliation by anyone, nor has Plaintiff claimed otherwise.  Plaintiff's alleged concerns about psychological trauma that would purportedly occur if his name were released are speculative and unsupported; even if credited, they do not warrant the extraordinary remedy he seeks.  Plaintiff is necessarily an active participant in this case. He will be deposed and respond to discovery.  Those with knowledge about his allegations will be questioned and deposed about what they know.  The public will give this case and Plaintiff's allegations as much attention as they deem appropriate.  These inevitable consequences of Plaintiff's choice to file a lawsuit cannot be avoided, and he makes no showing that the use of his real name would be the specific cause of any alleged psychological harm.

The generalized and speculative injuries Plaintiff purports to fear are no different from the risks inherent with any lawsuit alleging sexual misconduct.  If Plaintiff's meager showing could justify using a pseudonym, every plaintiff alleging sexual assault or sexual harassment would qualify for anonymous pleading.  But that is not the law in this Circuit, and the Court should reject the low threshold for anonymity implicit in Plaintiff's Motion.  The Motion should be denied, and the Court should order Plaintiff to proceed using his true name.

## PROCEDURAL HISTORY

This action was filed on September 29, 2023 in New York state court.  *See* ECF #1-1. Shortly thereafter, and nearly a year before Mr. Spacey was served, the state court temporarily granted Plaintiff's bare-bones, unopposed, *ex parte* order to show cause to proceed anonymously, expressly subject to Mr. Spacey's ability to contest anonymity upon his appearance: "IT IS HEREBY ORDERED that plaintiff's application is granted to the extent that they may proceed with litigating this matter with the pseudonym 'J.D.' and ***that should the defendant object to this***

2

*at a later time the Court shall consider arguments on the issue*." ECF #1-10 (emphasis added). The state court made no factual or legal findings or conclusions about the appropriateness of anonymity in this case. *Id*.

On October 16, 2024, Mr. Spacey accepted service through counsel. ECF #1-26. He timely removed this case to federal court on November 13, 2024. ECF #1. Mr. Spacey has filed a motion to dismiss all claims in this action for failure to state a claim. ECF ##14-15.

## **LEGAL STANDARD**

It is well established that "[c]ourts … begin with a presumption against anonymous or pseudonymous pleading[s]," because there is a presumption of disclosure of parties in civil lawsuits. *Doe v. Del Rio*, 241 F.R.D. 154, 156 (S.D.N.Y. 2006) (citation omitted). As the Second Circuit observed, "[t]he people have a right to know who is using their courts." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008) (citation omitted).

Lawsuits between private parties "advance the public's interest in enforcing legal and social norms," and in such cases, "open proceedings serve the judiciary's interest in a fair and accurate fact-finding adjudication." *Doe v. Townes*, 2020 WL 2395159, at *2 (S.D.N.Y. May 12, 2020). The judicial system's objective of "fundamental fairness" requires a plaintiff to disclose his or her true name in a civil case involving potentially damaging allegations about a defendant's conduct. *See, e.g., id*. at *5.

This core presumption of openness, which this Circuit has held "serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly," *Sealed Plaintiff*, 537 F.3d at 188-89, is rooted in Fed. R. Civ. P. 10, which necessitates that the "title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). Rule 10 has implicit constitutional implications. "Plaintiffs' use of fictitious names runs afoul of the public's common law right of access to judicial proceedings," which "right . . . is supported by the First

3

Amendment." *Del Rio*, 241 F.R.D. at 156 (citation omitted).

A plaintiff has the burden of proof to rebut the presumption demanding full disclosure under Rule 10. "District courts have discretion to grant an exception to Rule 10(a) only where the litigant seeking to proceed anonymously has a substantial privacy interest that outweighs any prejudice to the opposing party and 'the customary and constitutionally embedded presumption of openness in judicial proceedings.'" *Doe v. Delta Air Lines, Inc*., 2023 WL 7000939, at *2 (E.D.N.Y. Sept. 7, 2023) (emphasis added) (quoting *Rapp v. Fowler*, 537 F. Supp. 3d 521, 526-27 (S.D.N.Y. 2021)).

This Circuit applies a ten-factor, non-exhaustive test, which balances the interests of the plaintiff, the public, and the defendant to determine whether a party should be allowed to proceed under a pseudonym. *Sealed Plaintiff*, 537 F.3d at 190. A party may plead anonymously only in unique circumstances described as "special" and "exceptional." *Id*. at 189; *N. Jersey Media Grp. v. Doe*, 2012 WL 5899331, at *4 (S.D.N.Y. Nov. 26, 2012). These requests for anonymity are commonly denied by the courts of this Circuit, which have shown a strong preference for parties to use their true names in pleadings and not pseudonyms. *See, e.g., Doe v. Combs*, No. 24-CV-8054 (MKV), 2024 WL 4635309, at *2 (S.D.N.Y. Oct. 30, 2024); *Delta Air Lines, Inc*., 2023 WL 7000939; *Rapp*, 537 F. Supp. 3d 521; *Townes*, 2020 WL 2395159; *Del Rio*, 241 F.R.D. 154.

Here, Plaintiff fails to satisfy the *Sealed Plaintiff* factors. Accordingly, this Court should deny this Motion and order Plaintiff to proceed under his true name if he intends to pursue this action.

## ARGUMENT

**I.    PLAINTIFF FAILS TO CARRY HIS BURDEN OF JUSTIFYING ANONYMITY UNDER THE *SEALED PLAINTIFF* FACTORS**

In *Sealed Plaintiff*, the Second Circuit identified ten factors to consider when evaluating a plaintiff's request to proceed anonymously. For each factor, the plaintiff bears the burden of establishing it supports anonymity. When the plaintiff "has not sufficiently shown that a factor weighs in favor of proceeding anonymously, the Court will deem that factor as weighing against him." *Roe v. Does 1-11*, 2020 WL 6152174, at *2 (E.D.N.Y. Oct. 14, 2020). Here, Plaintiff has not and cannot show use of a pseudonym is warranted.

### A.    Whether Litigation Involves Highly Sensitive Matters (Factor 1)

Courts have consistently held "that allegations of sexual assault, by themselves, are not sufficient to entitle a plaintiff to proceed under a pseudonym." *Doe v. Combs*, No. 24-CV-8054 (MKV), 2024 WL 4635309, at *4 (S.D.N.Y. Oct. 30, 2024); *Doe v. Shakur*, 164 F.R.D. 359, 361–62 (S.D.N.Y. 1996) (collecting cases). "A claim by an adult plaintiff to have been the victim of sexual abuse and to have suffered physical or psychological damage as a result, accompanied by sufficient facts to support that claim, is not enough to entitle a plaintiff to proceed anonymously." *Delta Air Lines, Inc*., 2023 WL 7000939, at *2 (citation omitted). Were it enough, "virtually all claims of adult sexual assaults would *ipso facto* proceed anonymously." *Id.* Accordingly, even where a litigation involves highly sensitive matters of a sexual nature, this factor is "not dispositive." *Combs*, 2024 WL 4635309, at *2.

Courts therefore routinely deny anonymity even where the litigation involves highly sensitive matters, including allegations of far more severe conduct than that alleged here. *See, e.g., Combs*, 2024 WL 4635309, at *2 (denying anonymity in case where plaintiff alleged that defendant "raped her  in frightening circumstances"); *Rapp v. Fowler*, 537 F. Supp. 3d 521, 524

5

(S.D.N.Y. 2021) (denying anonymity where plaintiff alleged that he was sexually abused as a minor); *Shakur*, 164 F.R.D. at 361 (denying anonymity despite allegations "plaintiff was the victim of a brutal sexual assault").

Defendant has made no particularized showing that he would suffer unique or extraordinary harms here that set him apart from the typical sexual misconduct plaintiff. Accordingly, this factor does not support his request for relief. Regardless of the sexual nature of his allegations, Plaintiff may not hide behind a pseudonym. He "has made serious charges and has put [his] credibility in issue. Fairness requires that [he] be prepared to stand behind [his] charges publicly." *Shakur*, 164 F.R.D. at 361.

### B. Risk Of Physical Retaliation or Mental Harm, and Likelihood and Severity of the Harm (Factors 2 and 3)

For the second and third factors, courts evaluate whether identification poses a risk of physical retaliation or severe mental harm to the party seeking to remain anonymous or, "more critically," to third parties, and the likelihood and severity of those claimed harms. *Sealed Plaintiff*, 537 F.3d at 190. The claimed risks "must be more than speculative claims of physical or mental harms." *Townes*, 2020 WL 2395159, at *4. "Evidence of embarrassment, social stigmatization, and economic harm" are insufficient to warrant anonymity. *Id*.; *see also Weinstein*, 2020 WL 5261243, at *3; *Doe v. Solera Capital LLC*, 2019 WL 1437520, at *4 (S.D.N.Y. March 31, 2019).

While Plaintiff refers in conclusory terms to "retaliatory" harms, he does not identify any basis for concern about retaliation. *See* Motion at 6. There is no allegation in the Complaint or the Motion that Mr. Spacey "retaliated" against Plaintiff in any way. Plaintiff does not allege that Mr. Spacey ever threatened him at any time. And Plaintiff does not allege that he has communicated with Mr. Spacey, or that Mr. Spacey has communicated with others about him,

6

following their three alleged encounters in the Complaint, the last of which was in 2016. *See* ECF #1-1, Comp. ¶ 15. While the Motion also vaguely refers to retaliation by "the media, and/or any other party," Plaintiff does not identify or explain the nature of any such third-party retaliation. Accordingly, fear of retaliation is entirely unsupported and is not a factor in Plaintiff's favor.

Plaintiff also mentions, but does not explain, a concern about "great emotional and mental distress" to him and his family if he is not allowed to proceed under a pseudonym. Motion at 6. Plaintiff does not even attempt to explain the nature of this distress or show that it is distinct from distress over the alleged misconduct he claims to have suffered. Precedent is clear that unparticularized and unsupported allegations of distress are insufficient to satisfy this factor. *See, e.g., Doe v. Combs*, 2024 WL 4635309, at *3 (S.D.N.Y. Oct. 30, 2024) ("courts require direct evidence linking disclosure of plaintiff's name to a specific injury. . . . conclusory statements and speculation about mental harm to Plaintiff are insufficient"); *McLellan*, 2020 WL 7321377, at *2 ("Plaintiff simply projects generalized harm, and more is required for her to satisfy her burden."); *Doe v. Townes*, 2020 WL 2395159, at *4.

Plaintiff also mentions a generalized concern about "embarrassment," but this too is insufficient to move the needle on this factor. *See Combs,* 2024 WL 4635309, at *3 ("In this context, public humiliation is not enough."); *Weinstein*, 2020 WL 5261243, at *4 ("[e]ven when a defendant's notoriety will likely cause a case to attract significant media attention, a plaintiff's concerns about public humiliation and embarrassment generally are not sufficient grounds for allowing [him] to proceed anonymously.").

Plaintiff similarly mentions "fear for professional suffering," asserting, without support, that "he would be at risk for professional harm such as cancellation of appointments and

withdrawal of client locations (i.e., other hotels, spas, etc.)." Motion at 6-7. Plaintiff provides

no evidence in support of this purported concern. And in the absence of factual support, there is

no reason to infer that speaking out against alleged sexual misconduct would cause *Plaintiff* to be

professionally ostracized from any legitimate establishment or client relationship. To the

contrary, it is the defendants in cases of this nature who face professional exclusion and public

opprobrium. *See Rapp*, 537 F. Supp. 3d 521, 531 (S.D.N.Y. 2021) (noting "significant

reputational damage" to celebrity defendant from sexual misconduct allegations and that

anonymous proceedings would make it "harder to mitigate against that stigma.")

### C. Whether Plaintiff Is Particularly Vulnerable to Possible Harms of Disclosure, Particularly in Light of His Age (Factor 4)

The age of the plaintiff seeking to maintain anonymity is the "critical factor in this

determination." *Solera Capital LLC*, 2019 WL 1437520, at *6. Where, as here, the "plaintiff is

not a child, this factor weighs against a finding for anonymity." *Id.*

### D. Whether the Action Is Challenging the Government or Is Between Private Parties (Factor 5)

Because this lawsuit is between private parties, this factor weighs against anonymity.

Courts are less inclined to permit a party to proceed anonymously when the dispute is

between private parties, because such lawsuits "may cause damage to their good names and

reputations." *McLellan*, 2020 WL 7321377, at * 2 (internal quotations omitted). And in lawsuits

between private parties, "there is a significant interest in open judicial proceedings since such suits

do not only advance the parties' private interests, but also further the public's interest in enforcing

legal and social norms." *Solera Capital LLC*, 2019 WL 1437520, at *6 (internal citations omitted).

### E. Whether Defendant Is Prejudiced by Allowing Plaintiff to Pursue Claims Anonymously (Factor 6)

Courts have repeatedly recognized the inherent prejudice to a defendant when a plaintiff

8

proceeds anonymously and "will examine the reputational damage to defendants, difficulties in conducting discovery, and fundamental fairness of proceeding anonymously." *Townes*, 2020 WL 2395159, at *5. As stated in *Shakur*, "[i]f plaintiff were permitted to prosecute this case anonymously, [defendant] would be placed at a serious disadvantage, for he would be required to defend himself publicly while plaintiff could make her accusations from behind a cloak of anonymity." 164 F.R.D. at 361.

A plaintiff who makes serious allegations but then hides behind a pseudonym not only creates reputational damage risk and unfairness to defendant, but also inhibits defense of the claims. As recognized in *Doe v. Skyline Automobiles, Inc*, 375 F. Supp. 3d 401 (S.D.N.Y. 2019):

> Allowing Plaintiff to proceed anonymously would disadvantage Defendants at all stages of litigation, including settlement, discovery, and trial. Plaintiff's anonymity would make it more difficult to obtain witnesses and witness testimony, Defendants would have less leverage in settlement negotiations, and Defendants would not be able to fully and adequately cross-examine the Plaintiff.

*Id*. at 407; *see also Townes*, 2020 WL2395159, at *6.

Here, Plaintiff's anonymity would prejudice Mr. Spacey's ability to conduct discovery and prepare his defense for trial. Mr. Spacey "is entitled to investigate the background of someone who sues him." *Weinstein*, 2020 WL 5261243, at *4. That ability will be thwarted unless Plaintiff's name is disclosed to Mr. Spacey and he has the ability to disclose it to potential fact witnesses, investigators, and experts. *See Combs*, 2024 WL 4635309, at *5 ("If Defendants do not know who their accuser is, they cannot thoroughly investigate her allegations and her background and otherwise prepare a defense to her claim that each defendant is liable.").

Plaintiff's anonymity may also prevent others with knowledge about his claims from coming forward. "[C]oncealing the name of a party could deprive a litigant and the court of the chance that a yet unknown witness would, upon learning that fact about the case, know to step

forward with valuable information about the events or the credibility of witnesses." *Doe v. Del Rio*, 241 F.R.D. 154, 159 (S.D.N.Y. 2006), citing *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 596-597 (1980) (Brennan, J. concurring) ("Public trials come to the attention of key witnesses unknown to the parties."); *see also Roe v. Does 1-11*, 2020 WL 6152174, at *3 ("Allowing a plaintiff to proceed anonymously may also hamper witnesses coming forward of their own volition to either bolster or refute a plaintiff's allegations.").  This unfairness runs only one way.  Because Mr. Spacey has been publicly named, "information about only one side may thus come to light."  *Del Rio*, 241 F.R.D. at 159.

Moreover, more prejudice exists here than in a typical sexual assault case because Mr. Spacey is a public figure.  In the current cultural and social climate, this has significant and uncorrectable consequences.  In *Rapp* (which dealt with similar claims against Mr. Spacey that were ultimately rejected entirely by a jury), the court found that highly sensitive and personal allegations can "flow both ways," noting that "the digital age" in particular has "adversely affected the privacy of litigants" and such loss of privacy is compounded when claims are brought "against someone in the public eye, especially if the substance of the claim makes it likely to attract significant media attention." 537 F. Supp. 3d at 527, 531 (finding that Mr. Spacey "suffered significant reputational damage" and "it would be harder to mitigate against that stigma if [plaintiff] were permitted to remain anonymous").  The disparity of defending against accusations by an anonymous person, both in court and in the public eye, is obvious and highly prejudicial to Mr. Spacey.

Due to the severe prejudice that Plaintiff's use of a pseudonym would cause Mr. Spacey, this factor weighs strongly against Plaintiff's requested anonymity.

### F.    Whether Plaintiff's Identity Has Been Kept Confidential (Factor 7)

Courts will typically reject a request for anonymity if the plaintiff has not maintained

confidentiality.  *See Combs*, 2024 WL 4635309, at *5 ("If confidentiality has not been

maintained, courts typically reject a motion to proceed under a pseudonym").  But even if

confidentiality has been maintained (as Plaintiff asserts here), this factor is not dispositive where,

as here, the overwhelming balance of interests favors disclosure.  *See, e.g., id.* ("even if this

factor weighs in Plaintiff's favor, other considerations foreclose anonymity").

### G. Whether the Public's Interest in the Litigation Is Furthered by Requiring Plaintiff to Disclose His Identity (Factor 8)

This factor favors disclosure of Plaintiff's name because "lawsuits are public events and

the public has a legitimate interest in knowing the facts involved in them.  Among those facts is

the identity of the parties." *Shakur*, 164 F.R.D. at 361; *see also Weinstein*, 2020 WL 5261243, at

*6; *Del Rio*, 241 F.R.D. at 157 ("The press and public can hardly make an independent

assessment of the facts underlying court cases, or even assess judicial impartiality or bias,

without knowing who the litigants are.").  The public has "a right of access to the courts,"

*Shakur*, 164 F.R.D. at 361, which militates strongly against anonymity.

### H. Whether There Is an Atypically Weak Public Interest in Knowing Identities Because of a Purely Legal Nature of an Action (Factor 9)

Under this factor, the public interest in disclosure of the litigants' names may be

diminished if the issues are purely legal in nature.  *Townes*, 2020 WL 2395159, at *6.  But where

the action involves not abstract questions of law but particular incidents or actions, the public's

interest in open proceedings "serve the judicial interest in accurate fact-finding and fair

adjudication."  *Id*. (quoting *North Jersey Media Group, Inc. v. Doe Nos. 1-5*, 2012

WL 5899331, at *8 (S.D.N.Y. No. 26, 2012)).  In particular, the public's interest in the factual

claims of sexual assault cases "is very high." *Skyline Auto., Inc.*, 375 F.Supp.3d at 408; *see also*

*Combs*, 2024 WL 4635309, at *6 (this factor favors disclosure because alleged sexual

misconduct by a celebrity is precisely "the kind of case that further[s] the public's interest in

11

enforcing legal and social norms") (quotation omitted).

Because the allegations here are not abstract legal questions but specific factual allegations about certain alleged incidents, this factor weighs strongly against anonymity.

## I.      Whether Alternative Means Exist to Protect any Confidential Information (Factor 10)

Anonymity is not warranted where there are other mechanisms to protect any confidential information that may be disclosed during discovery or as part of the case, such as "redaction of documents and/or sealing, protective orders, and confidentiality agreement." *Townes*, 2020 WL 2395159, at *6; *see also Combs*, 2024 WL 4635309, at *6 ("Plaintiff can seek less drastic remedies than blanket anonymity, such as redactions to protect particularly sensitive information or a protective order").  Here, Mr. Spacey is willing to enter into a stipulated confidentiality protective order under which each party can designate as "confidential" during pretrial proceedings any materials viewed as highly sensitive.  Such a protective order will adequately protect any legitimate privacy interest Plaintiff or any other party may have in documents or information exchanged in this case, such as private financial information or medical records.  But Plaintiff cannot conduct the entirety of these proceedings under the cloak of anonymity, with the resulting prejudice to the public interest and Mr. Spacey's ability to defend himself.  Because alternative means exist to protect any legitimate privacy interest, this factor weighs against anonymity.

## J.      The Sealed Plaintiff Factors Weigh Overwhelmingly Against Anonymity

As the above discussion makes clear, Plaintiff cannot carry his burden of justifying anonymity under the *Sealed Plaintiff* factors.  Plaintiff has failed to substantiate his generalized claims with *any* evidence that he would suffer mental harm from his name's disclosure, let alone that such harm outweighs the public's and Mr. Spacey's strong interests in an open and transparent litigation.  Plaintiff's maintenance of a pseudonym would run counter to the well-

established principle that the requirements of Federal Rule of Civil Procedure 10 cannot be cast aside lightly and hinder Mr. Spacey's ability to conduct discovery and receive a fair trial. The Motion should be denied, and the Court should order Plaintiff to proceed under his true name if he intends to pursue this case.

## CONCLUSION

For all the foregoing reasons, Defendant Kevin Spacey respectfully requests that the Court grant an order denying the Motion and ordering Plaintiff to conduct this litigation using his true name.

Dated: January 15, 2024
      New York, New York

                          Respectfully submitted,

                          SHER TREMONTE LLP

By:    */s/ Mark Cuccaro*
           Michael Tremonte
           Doug Jensen
           Mark Cuccaro
           90 Broad Street, 23rd Floor
           New York, NY 10004
           (212) 202-2600
           mtremonte@shertremonte.com
           djensen@shertremonte.com
           mcuccaro@shertremonte.com

           *Attorneys for Defendant Kevin Spacey*

13