# SHER TREMONTE LLP

March 17, 2025

**BY ECF**
The Honorable Jennifer H. Rearden
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

**MEMO ENDORSED (p. 2)**

Re:   *J.D. v. Spacey*, Case No. 24-cv-08630 (JHR)

Dear Judge Rearden:

We write on behalf of defendant Kevin Spacey in response to Plaintiff's letter of March 14, 2025 requesting leave to file a second amended complaint. *See* ECF #35.

Plaintiff's counsel indicates that Plaintiff is contemplating dropping certain causes of action. We propose that instead of being granted leave to file yet another amended complaint, that Plaintiff instead file his response to the pending motion to dismiss the Amended Complaint (ECF #27), noting if they are withdrawing any claims in that document, as is customary. The Court could then later order the pleadings to be amended to conform to its ruling on the motion to dismiss, if any claims are left standing at that point.

Plaintiff's counsel seeks an extension of time to respond to the pending motion to dismiss, based on apparent communications issues with their client. We would consent to Plaintiff's time to oppose the motion being extended to their requested date of **April 4**. We would ask that Defendant's reply date then be extended to **April 25**.

To the extent that Plaintiff is seeking to make any changes to his pleading other than dropping claims, we believe this is improper at this stage and should be disallowed. Plaintiff has already amended his complaint in response to Defendant's initial motion to dismiss. *See* ECF #22. In doing so, Plaintiff transparently fabricated new allegations of physical contact, conspicuously absent from the original pleading, that were engineered to satisfy revival requirements of the Adult Survivors' Act (the "ASA"). Defendant then filed another motion to dismiss the Amended Complaint that made substantially the same arguments as Defendant's original motion, although dropping one argument in light of the new allegations. *Compare* ECF #28 with ECF #15. Plaintiff accordingly has already had a chance to—and has—amended his pleadings to respond to the dismissal arguments that are now pending before this Court. It would be prejudicial to Defendant to give Plaintiff further opportunity to reverse-engineer his story to state legal claims that his earlier pleadings demonstrate that he never had. *See, e.g., Earl v. Good Samaritan Hosp. of Suffern NY*, 625 F. Supp. 3d 292, 308 (S.D.N.Y. 2022) (leave to amend may be denied for "repeated failure to cure deficiencies by amendments previously allowed"); *Wallace v. N.Y.C. Dep't of Corr.*, No. 95-CV-4404, 1996 WL 586797, at *2 (E.D.N.Y. Oct. 9, 1996)

Judge Rearden
March 17, 2025
Page **2** of **2**

(dismissing amended complaint based on facts "set forth in his original complaint" where "[t]he plaintiff blatantly change[d] his statement of the facts in order to respond to the defendants' motion to dismiss").

Respectfully submitted,

*/s/ Mark Cuccaro*

SHER TREMONTE LLP
Counsel for Defendant Kevin Spacey

In view of Plaintiff's letter-motion at ECF No. 35 and Defendant's response herein, Plaintiff's application for leave to amend is DENIED without prejudice. Plaintiff's deadline to respond to Defendant's motion to dismiss the amended complaint is extended to **April 4, 2025**. Plaintiff's response to Defendant's motion shall state which claim or claims he seeks to withdraw. Defendant's deadline to file a reply in further support of his motion to dismiss is extended to **April 25, 2025**.

The Clerk of Court is directed to terminate ECF No. 35.

SO ORDERED.

*Jennifer H. Rearden*

Jennifer H. Rearden, U.S.D.J.
Dated: March 17, 2025