Pursuant to Rule 1.D of the Court's Individual Rules and Practices in Civil Cases "[a]ny amended or corrected filing (including but not limited to amended pleadings) shall be filed with a redline showing all differences between the original and revised filing." By **May 5, 2025**, Plaintiff shall file the required redline against the First Amended Complaint at ECF No. 22.

SO ORDERED.

*Jennifer H. Rearden*

Jennifer H. Rearden, U.S.D.J.
Dated: May 1, 2025

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JOSE DONATO,

                      Plaintiff,

-against-

KEVIN SPACEY,

                      Defendant.
-----------------------------------------------------------------X

**VERIFIED AMENDED COMPLAINT**

Civil Action No.: 1:24-cv-08630

JURY TRIAL DEMANDED

Plaintiff, **JOSE DONATO**, complaining of the Defendant, **KEVIN SPACEY**, by his attorneys, **CAITLIN ROBIN & ASSOCIATES, PLLC**, respectfully alleges as follows:

## JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as this action involves complete diversity of the parties and an amount in controversy exceeding seventy--five thousand dollars.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the events or omissions giving rise to the actions alleged herein, occurred in this district.

3. At all times relevant hereto, Plaintiff was lawfully present inside Defendant's hotel room at the Defendant's express request and/or permission, located at 5 Madison Avenue, County of New York, State of New York, 10010.

## PARTIES

4. Plaintiff, JOSE DONATO, is and was at all relevant times a New York State resident, residing in Forest Hills, NY.

5. Upon information and belief, Defendant KEVIN SPACEY is and was at all relevant times a resident of Baltimore, Maryland.

1

6.      Venue is proper before this Court pursuant to CPLR § 503 in that at least one party resides in the state of New York and a substantial part of the events or omissions giving rise to the claim occurred in the state of New York.

## FACTS AS TO ALL CLAIMS

7.      Plaintiff, JOSE DONATO, is a licensed and insured massage therapist who performs massages in various venues in and around New York State, and as such he maintains a considerable online presence as a necessity to promote himself and his livelihood and to book massage appointments, including but not limited to apps such as Soothe as well as social media platforms.

8.      As of on or around August 31, 2016, the Plaintiff had no personal relationship whatsoever with the defendant KEVIN SPACEY, nor had he ever seen or spoken with the defendant in person.

9.      Beginning on or about August 31, 2016, the Defendant, KEVIN SPACEY, booked a series of approximately three (3) 90-minute deep tissue massages with Plaintiff, JOSE DONATO, via the Soothe app, during his stays at the New York Edition Hotel, located at 5 Madison Avenue in New York, NY 10010.

10.     Defendant KEVIN SPACEY kept an incognito status during his stays at the hotel, and insisted upon wearing a ski mask during these massage appointments and never booked appointments under his real name, thus making it impossible for Plaintiff to avoid accepting these appointments.

11.     During the massage appointments with Plaintiff, JOSE DONATO, at the aforementioned place, from on or about August 31, 2016 through on or about September 30, 2016, Defendant KEVIN SPACEY made multiple unwanted and inappropriate sexual advances toward

2

the Plaintiff and sexually assaulted the plaintiff in the following manner; defendant insisted on starting the massage with a focus on his buttocks that Plaintiff felt was inappropriately requested by Defendant for sexual gratification and not massage therapy purposes; defendant insisted on doing "yoga" poses which exposed his buttocks and genitals while Plaintiff was massaging him, which made Plaintiff uncomfortable; defendant attempted to touch the Plaintiff's arm during these massages such that Plaintiff had to pull away to avoid the unwanted contact; defendant repeatedly became visibly sexually aroused during these massages from Plaintiff; defendant repeatedly grabbed and squeezed his own genitals during these massages; defendant ejaculated onto the massage table, sheet and Plaintiff's clothing during the appointments; defendant repeatedly pressed the Plaintiff to perform sexual favors for him; defendant offered the Plaintiff extra money in exchange for said sexual favors; defendant repeatedly made sexual comments toward the Plaintiff during these massages, commenting on his looks and physique; defendant repeatedly and inappropriately placed his hands on Plaintiff's thighs as Plaintiff was massaging him; defendant repeatedly removed his sheet during the massages, exposing his genitals to Plaintiff for sexual gratification and not massage therapy purposes despite Plaintiff's repeated replacement of the sheet; and defendant grabbed Plaintiff's hand and attempted to place it on his genital area, despite Plaintiff's repeated rejection of his advances.

12.  That from the time of on or about August 31, 2016 through on or about September 30, 2016, the defendant harassed and assaulted the Plaintiff on at least three (3) separate occasions, against his will and without reciprocation. Plaintiff continually rejected the defendant's inappropriate requests and advances, but the defendant nevertheless continued to make them.

13. Because Defendant KEVIN SPACEY booked these appointments under an assumed name, the plaintiff was unable to avoid confirming appointments with the defendant and never knew his true identity until he was already inside the hotel room with him.

14. After each of these massage appointments, defendant KEVIN SPACEY would tip the Plaintiff in cash and bow to him, with the implication that it was for his discretion, and thereafter retreat to his bedroom leaving the Plaintiff to clean his ejaculate.

15. That Defendant's conduct from on or about August 31, 2016 to September 2016 constituted sexual abuse in third degree as enumerated in New York Penal Law § 130.55.

16. Shortly after the final incident, in or around September 30, 2016, as a result of the severe emotional distress Plaintiff suffered as a result of Defendant's actions, the Plaintiff stopped taking appointments at the New York Edition Hotel, causing the plaintiff emotional distress and damage to his professional career.

17. Since 2017, Defendant KEVIN SPACEY has been repeatedly accused of sexual assault, harassment, and inappropriate advances by multiple men, beginning as early as the 1980s to the present. Defendant has faced only some of these allegations in a court of law.

18. This action is timely under the newly enacted New York State Senate Bill S.66/A/A648.A ("Adult Survivors Act"), which extends the statute of limitations for civil actions related to certain sexual offenses committed against persons eighteen (18) years of age or older.

19. At all times mentioned herein and since the incidents with the defendant, the Plaintiff has suffered mentally, emotionally, and financially. He further suffers from anxiety, depression, post-traumatic stress, and fears for his livelihood as a massage therapist, husband, and father.

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT KEVIN SPACEY FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

20. The Plaintiff repeats, reiterates, and re-alleges the allegations contained in all of the paragraphs herein, as if separately set forth herein.

21. That at the aforementioned times and place, the Plaintiff was harassed and assaulted by Defendant KEVIN SPACEY without just cause or provocation by the Plaintiff, resulting in serious and permanent injuries to the Plaintiff.

22. By the actions described herein, Defendant KEVIN SPACEY engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, including sexual abuse in the third degree as it is defined under New York Penal Law, requests for sexual favors in exchange for money and forcibly trying to make Plaintiff touch his genitals, which negligently caused severe emotional distress to the Plaintiff, JOSE DONATO.

23. That upon information and belief, Defendant KEVIN SPACEY owed a special duty to Plaintiff JOSE DONATO as a client receiving massage services to refrain from engaging in menacing, harassing and sexually abusive behavior.

24. That upon information and belief, Defendant KEVIN SPACEY breached this duty when he continued to harass and assault the Plaintiff, specifically in his actions on the three (3) massage appointments he booked with Plaintiff on or about August 31, 2016 through September 30, 2016.

25. Upon information and belief, these actions by Defendant KEVIN SPACEY unreasonably endangered Plaintiff JOSE DONATO's physical safety. Plaintiff JOSE DONATO's safety was objectively endangered by Defendant KEVIN SPACEY's actions as they occurred inside the Defendant's private hotel room, in which Plaintiff was lawfully present to provide professional massage therapy services and suffered the unwanted sexual harassment and contact by the defendant as alleged herein.

26. That upon information and belief, through Defendant KEVIN SPACEY's pattern of harassing and assaulting behavior, there existed an especial likelihood of genuine and serious mental distress on the part of Plaintiff JOSE DONATO in the event of such extreme and outrageous conduct on the part of Defendant KEVIN SPACEY.

27. That upon information and belief Defendant KEVIN SPACEY was negligent, careless, and/or reckless when he harassed and assaulted the Plaintiff over a period of approximately one (1) month, resulting in unintended serious and permanent mental, emotional, and economic injuries.

28. That as a result of the foregoing, the Plaintiff has been damaged in an amount to be determined at trial, but which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT KEVIN SPACEY FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

29. The Plaintiff repeats, reiterates, and re-alleges the allegations contained in all of the paragraphs herein, as if separately set forth herein.

30. By the actions described herein, Defendant KEVIN SPACEY engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, including sexual abuse in the third degree as it is defined under New York Penal Law, requests for sexual favors in exchange for money and forcibly trying to make Plaintiff touch his genitals, which intentionally caused severe emotional distress to the Plaintiff, JOSE DONATO.

31. Upon information and belief, Defendant KEVIN SPACEY intentionally harassed and assaulted the Plaintiff and engaged in conduct that constituted sexual abuse in the third degree as it is defined under New York Penal Law, resulting in intended serious and permanent mental and emotional injuries.

32. That as a result of the foregoing, the Plaintiff has been damaged in an amount to be determined at trial, but which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT KEVIN SPACEY FOR ASSAULT

33. Plaintiff repeats, reiterates, and re-alleges the allegations contained in all of the paragraphs herein, as if separately set forth herein.

34. That at the aforementioned times and place, the Plaintiff was assaulted by Defendant KEVIN SPACEY without just cause or provocation by Plaintiff, resulting in serious and permanent injuries to Plaintiff.

35. That at the aforementioned time and place, Defendant KEVIN SPACEY intended to and did assault the Plaintiff herein without just cause or reasonable provocation resulting in serious and permanent mental and emotional injuries.

36. That at the aforementioned time and place, the conduct of Defendant KEVIN SPACEY constituted sexual abuse in the third degree as defined under New York Penal Law.

37. That as a result of the foregoing, the Plaintiff has been damaged in an amount to be determined at trial, but which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANT KEVIN SPACEY FOR NEGLIGENCE

38. Plaintiff repeats, reiterates, and re-alleges the allegations contained in all of the paragraphs herein, as if separately set forth herein.

39.    By the actions described herein, Defendant KEVIN SPACEY engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which caused severe mental, emotional, and economic distress to the plaintiff.

40.    Upon information and belief, Defendant KEVIN SPACEY was negligent, careless, and/or reckless when he harassed and assaulted the Plaintiff causing serious mental, emotional, and financial injury, loss of enjoyment of life, loss of income, loss of livelihood, and put the Plaintiff in fear for his safety; by virtue of such, any of the acts hereinbefore mentioned were, if unintentional, therefore negligent, reckless, and careless.

41.    That as a result of the foregoing, the Plaintiff has been damaged in an amount to be determined at trial, but which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction

**WHEREFORE,** Plaintiff demands judgment against Defendant KEVIN SPACEY in a sum that exceeds the jurisdictional limits of all lower Courts as well as punitive damages and attorney's fees together with the costs and disbursements of this action.

### JURY DEMAND

Plaintiff demands a trial by jury.

Dated: April 30, 2025
New York, NY

Yours, etc.

Emma J. Wiegand, Esq.
Caitlin Robin & Associates, PLLC
*Attorneys for Plaintiff*
30 Broad Street, Suite 702
New York, New York 10004
(646) 524-6026
emma@robinandassociates.com

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK, COUNTY OF NEW YORK ss.:

Sandy Sun, being duly sworn, deposes and says:

I am over 18 years of age, I am not a party to the action, and I reside in Passaic County in the State of New Jersey.

I served a true copy of the annexed

**VERIFIED AMENDED COMPLAINT**

on April 30th, 2025

by emailing and mailing the same in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressee as indicated below:

    Mark Cuccaro
    SHER TREMONTE LLP
    90 Broad Street, 23rd Fl.
    New York, New York 10004

_____
SANDY SUN

Sworn to before me April 30th, 2025

_____
Notary Public

EMMA WIEGAND
NOTARY PUBLIC
NO. 02WI0000325
QUALIFIED IN NEW YORK COUNTY
COMM. EXP. 02-02-2027
STATE OF NEW YORK